UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| VIENGXAY CHANTHARATH,<br><br>                    Petitioner,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CIV. 13-4117<br><br>ORDER DENYING § 2255 MOTION |

    Petitioner, Viengxay Chantharath, moves to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. Chantharath is incarcerated in a Bureau of Prisons facility. Respondent opposes his motion.

**FACTUAL BACKGROUND**

    Chantharath was charged in a Seventh Superseding Indictment with one count of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine. Cr. Docket 498.[1] Prior to trial, Chantharath moved to suppress all evidence and statements obtained from an investigative traffic stop "on the ground that this stop violated the Fourth Amendment of the United States Constitution." Cr. Docket 229. Chantharath argued for suppression based in part on a lack of reasonable suspicion for the traffic stop that led to his arrest. Cr. Docket 230 at 3-6 (sealed memorandum in support of motion to suppress).

---

    [1] Citations to "Cr. Docket" refer to the appropriate docket entry in the underlying criminal matter, Cr. 10-40004-01-KES. Citations to "Civ. Docket" refer to the appropriate docket entry in the instant § 2255 action.

On October 1, 2010, Magistrate Judge John Simko held a hearing on Chantharath's motion to suppress. Cr. Docket 281. Following the hearing, Magistrate Judge Simko issued a report and recommendation recommending that the motion to suppress be denied based in relevant part on the finding that the officers did have reasonable suspicion to stop the van in which Chantharath was a passenger. Cr. Docket 284. No objections were filed to the report and recommendation, and after de novo review, this court adopted the report and recommendation in full and denied the motion to suppress. Cr. Docket 348. Subsequently, Chantharath was found guilty by a jury of conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine. Cr. Docket 614. Prior to trial, the government filed a notice pursuant to 21 U.S.C. § 851 alleging that Chantharath was subject to a mandatory term of life imprisonment based on two prior felony drug convictions. Cr. Docket 590. Based on those prior convictions, Chantharath was sentenced to a term of life imprisonment without release. Cr. Docket 680.

Chantharath appealed and argued that, among other issues, this court erred in denying his motion to suppress evidence obtained as the result of the traffic stop. *United States v. Chantharath*, 705 F.3d 295 (8th Cir. 2013). The Eighth Circuit affirmed Chantharath's conviction, finding specifically that "there was ample evidence to justify an investigatory stop." *Id.* at 303. Chantharath filed a Petition for Rehearing and Petition for Rehearing En Banc, which petitions were denied. Cr. Docket 821. The United States Supreme Court

denied Chantharath's Petition for Writ of Certiorari on October 7, 2013. Cr. Docket 832.

On July 9, 2013, Chantharath filed a motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b). Cr. Docket 828. Subsequently, Chantharath moved to construe his Rule 60(b) motion as a motion under § 2255. Cr. Docket 830. This court denied Chantharath's Rule 60(b) motion but ordered the clerk to open a new matter under § 2255.[2] Cr. Docket 831. After Chantharath submitted the proper paperwork, the court ordered the government to respond. Civ. Docket 8.

In his § 2255 motion, Chantharath presents a single issue:[3] whether the traffic stop leading to his arrest violated his Fourth Amendment rights because

---

[2] Chantharath also filed a motion to construe his Rule 60(b) motion as a § 2255 motion in the civil file. Civ. Docket 4. Because the court has already construed his 60(b) motion as a motion under § 2255, the relief he requested in Civ. Docket 4 has already been granted. Therefore, the motion at Civ. Docket 4 is denied as moot.

[3] In his initial filing under Rule 60(b), Chantharath also argues that he was deprived of his Sixth Amendment right to a jury trial when the court imposed a heightened mandatory sentence without submitting the question of his prior convictions to the jury. Because Chantharath does not present this claim as part of his § 2255 motion, the court does not consider it now. Had Chantharath continued to press this claim, it would be without merit because the question of prior convictions need not be submitted to the jury. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

Chantharath does not present an ineffective assistance of counsel claim. On two occasions, he suggests that his counsel should have argued that he was illegally detained because he was too far away from the premises when stopped based on *Bailey v. United States*, 133 S. Ct. 1031 (2013). *See* Civ. Docket 4 at 1; Civ. Docket 7 at 8 (citing an email sent by Chantharath to defense counsel located at Civ. Docket 7-4). This email was sent on February 21, 2013. Civ. Docket 7-4. *Bailey* was decided February 19, 2013. The Eighth Circuit's decision affirming Chantharath's conviction was issued

officers executing a search warrant may not detain an individual who has already left the area under the exception found in *Michigan v. Summers*, 452 U.S. 692 (1981). *See* Civ. Docket 5 at 5 (citing *Bailey v. United States*, 133 S. Ct. 1031 (2013)).

## STANDARD OF REVIEW

A § 2255 motion is the "statutory analog of habeas corpus for persons in federal custody." *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987). A federal prisoner may seek relief from his sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. Relief may be granted under § 2255 only for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Because a § 2255 motion is "not a substitute for direct appeal," *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995), claims not raised in the district court or on direct appeal may be procedurally defaulted.

---

January 28, 2013. Thus, defense counsel could not have presented an argument based on *Bailey* to the Eighth Circuit on direct appeal. Defense counsel did, however, challenge whether the traffic stop was supported by reasonable suspicion. To the extent Chantharath suggests defense counsel should have argued the suppression motion differently, that contention is without merit.

**DISCUSSION**

**I.     Procedural Default**

Chantharath did not raise this particular Fourth Amendment challenge at trial or on direct appeal.[4] "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a habeas action only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

**A.     Actual Innocence**

" 'Actual innocence' means factual innocence, not mere legal insufficiency." *Jennings v. United States*, 696 F.3d 759, 765 (8th Cir. 2012). The government introduced substantial evidence that Chantharath conspired with numerous individuals to distribute methamphetamine over several years. *See Chantharath*, 705 F.3d at 298-300 (describing the conspiracy); *id.* at 301-02 (finding the evidence introduced at trial sufficient to support a conspiracy conviction). Chantharath offers no evidence that he is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (stating that a credible claim of actual innocence requires an initial showing of "new reliable evidence—whether it be

---

[4] Chantharath did challenge on direct appeal whether officers had reasonable suspicion for the traffic stop leading to his arrest. That Fourth Amendment challenge is distinct from the instant Fourth Amendment challenge. If Chantharath had asserted this claim as part of his Fourth Amendment argument for suppression and was then denied relief by a magistrate judge, this court, and the Eighth Circuit, Chantharath would then be precluded from relitigating that claim. *See United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000) (issues raised on direct appeal "may not be relitigated under § 2255").

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.") Instead, his motion is premised on suppressing evidence of his guilt. Because there is no evidence to support Chantharath's actual innocence, he must show cause and actual prejudice to excuse the procedural default of this Fourth Amendment challenge.

### B. Cause and Actual Prejudice

The cause and actual prejudice standard imposes "a significantly higher hurdle" than even the plain error standard of Rule 52. *United States v. Frady*, 456 U.S. 152, 166 (1982). Cause for the procedural default exists if "the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

The only argument for cause that Chantharath presents is that the decision in *Bailey* postdated his conviction and appeal.[5] "[A] claim that 'is so novel that its legal basis is not reasonably available to counsel' may constitute cause for a procedural default." *Bousley*, 523 U.S. at 622. Nonetheless, a unique argument is not enough to show cause for a default if it is intellectually ascertainable at the time of the direct appeal. *United States v. Moss*, 252 F.3d 993, 1002 (8th Cir. 2001).

---

[5] Chantharath does not provide any factual basis that was not available at the time of his direct appeal, nor does he show any government interference that prevented him from complying with the proper procedure. Additionally, Chantharath does not allege that he received ineffective assistance of counsel.

In this instance, Chantharath's argument concerning the scope of the doctrine permitting detention incident to the execution of a search warrant based on *Michigan v. Summers*, 452 U.S. 692 (1981), is not novel. In fact, in *Bailey*, the Supreme Court stated that "[t]he Federal Courts of Appeals have reached differing conclusions as to whether *Michigan v. Summers* justifies the detention of occupants beyond the immediate vicinity of the premises covered by a search warrant. This Court granted certiorari to address the question." *Bailey*, 133 S. Ct. at 1037. Given the existence of a circuit split on the question presented in *Bailey*, Chantharath's argument here was intellectually ascertainable at the time of Chantharath's direct appeal.

Even if Chantharath could establish cause for his procedural default, he would also have to show actual prejudice. Prejudice is established when a movant demonstrates that errors at trial "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170 (emphasis in original). Chantharath has not shown any error sufficient to deprive him of his right to a fair trial.

Chantharath has not shown either cause or actual prejudice, both of which are required to excuse his procedural default. Therefore, he is barred from asserting the claim presented in his § 2255 motion. *See Murray*, 477 U.S. at 497.

## II. Merits of Chantharath's Claim

If Chantharath was not barred from asserting his claim, he still would not be successful on the merits of the claim. Chantharath argues that he was improperly detained after he had left a motel room because *Bailey* prohibits

officers from detaining an individual incident to the execution of a search warrant once that individual has left the scene. In *Summers*, the Supreme Court held that officers have the limited authority to detain occupants of a premises while executing a search warrant. *Summers*, 452 U.S. at 705. This rule "does not require law enforcement to have particular suspicion that an individual is involved in criminal activity or poses a specific danger to the officers." *Bailey*, 133 S. Ct. at 1037-38. Three important law enforcement interests justify that rule: officer safety, facilitating the completion of the search, and preventing flight. *Id.* at 1038. Based on those justifications, *Bailey* held that "[t]he categorical authority to detain incident to the execution of a search warrant must be limited to the immediate vicinity of the premises to be searched." *Id.* at 1041. But *Bailey* expressly does not apply when officers have another basis for their actions, such as reasonable suspicion. *See id.* at 1042 ("If officers elect to defer the detention until the suspect or departing occupant leaves the immediate vicinity, the lawfulness of detention is controlled by other standards, including, of course, a brief stop for questioning based on reasonable suspicion under *Terry* [*v. Ohio*, 391 U.S. 1 (1968)] or an arrest based on probable cause.").

In this case, the government did not justify the traffic stop as detention incident to the execution of the search warrant. Rather, the government contended it had reasonable suspicion to stop the van. The magistrate judge, this court, and the court of appeals all found that the traffic stop was supported by reasonable suspicion. As a result, the ruling in *Bailey* does not apply to Chantharath's situation. *See United States v. Rhodes*, 730 F.3d 727,

731 (8th Cir. 2013) (holding that police action independently justified by probable cause did not rely on *Summers* and did not implicate *Bailey*). Thus, even if Chantharath's claim were not procedurally defaulted, it would fail on its merits.

### III. Hearing

Section 2255 provides that:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Nonetheless, a § 2255 petition "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

Chantharath's sole claim in this § 2255 motion is procedurally defaulted. Additionally, his claim is based solely on legal authority that does not apply to his situation and consequently would not entitle him to relief. Therefore, an evidentiary hearing is unnecessary in this case because the motions, files, and records conclusively demonstrate that Chantharath is not entitled to relief. *See* 28 U.S.C. § 2255(b).

### IV. Certificate of Appealability

A certificate of appealability may issue "only if the [movant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). This standard requires "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate or deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). For the reasons discussed above, Chantharath has not made a substantial showing of the denial of a constitutional right as required by § 2253(c).

## CONCLUSION

Chantharath failed to raise this claim at trial and on direct appeal, and he has not shown either actual innocence or cause and actual prejudice sufficient to excuse his procedural default. Even if Chantharath's claim proceeded on the merits, he would conclusively not be entitled to relief. Therefore, it is

ORDERED that Chantharath's motion to vacate, set aside, or correct his sentence (Civ. Docket 1) is denied.

IT IS FURTHER ORDERED that Chantharath's motion to construe his Rule 60(b) motion as a motion under § 2255 (Civ. Docket 4) is denied as moot.

IT IS FURTHER ORDERED that no certificate of appealability be issued.

Dated November 25, 2014.

BY THE COURT:

/s/*Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
